UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. MACOMBER,<br><br>　　　　　Respondent. | Case No. 1:23-cv-00374-CDB (HC)<br><br>ORDER TO SHOW CAUSE (1) WHY PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) WHY PETITIONER SHOULD NOT BE DEEMED A VEXATIOUS LITIGANT<br><br>(Doc. 1)<br><br>THIRTY DAY DEADLINE. |

　　　　Petitioner Gregory W. Stewart, ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In the instant petition, Petitioner challenges his 1994 conviction in the Merced County Superior Court for the sale of a controlled substance. *Id*. As Petitioner has sought federal habeas relief with respect to the challenged conviction numerous times previously, the undersigned shall order Petitioner to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition and to show cause why he should not be deemed a vexatious litigant.

**Preliminary Screening**

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally

construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Background**

On September 15, 1994, Petitioner was convicted in the Superior Court of California County of Merced for "sales of a controlled substance." (Doc. 1 at 1). Petitioner appealed his conviction to California's 5th District Court of Appeal and the Supreme Court of California. *Id*. at 2. Both state appellate courts denied Petitioner's request and Petitioner served an eight-year term of imprisonment. *Id*. at 1-2.

At some point, Petitioner entered the custody of High Desert State Prison. *Id*. at 1, 7. Petitioner initiated this case on March 13, 2023, by filing the instant petition. *Id*. Petitioner alleges that his 1994 conviction is unconstitutional as he did not receive a fair trial, he was subject to an unconstitutional search and seizure, his trial counsel was ineffective, and the evidence presented at trial was insufficient to support his conviction. *Id*. at 4-5.

The Court takes judicial notice of court records (*United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)) and notes Petitioner on numerous, prior occasions has sought federal habeas relief in the Eastern District of California with respect to the same 1994 conviction. *See, e.g., Stewart v. McGrath*, No. 1:00-cv-05452-SMS (dismissed as untimely); *Stewart v. Sullivan*, No. 1:06-cv-01400-WMW (dismissed as successive); *Stewart v. Macomber*, No. 1:11-00814-DLB (dismissed as successive); *Stewart v. Macomber*, No. 1:18-cv-00338-DAD-EPG (dismissed as successive); *Stewart*

*v. Macomber*, No. 1:21-cv-00063-DAD-HBK (noting that Petitioner filed twenty-seven previous habeas petitions and dismissing petition as an unauthorized successive petition); *Stewart v. Macomber*, No. 1:22-cv-01121-EPG-HC (dismissed as successive). Nothing in the docket shows that Petitioner obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition. Indeed, following one of the most recent of his habeas actions in the Eastern District of California, on August 25, 2022, the Court of Appeals denied Petitioner's request for a certificate of appealability. *See Stewart*, No. 1:21-cv-00063-DAD-HBK (Doc. 18). In dismissing that case, the assigned district judge adopted the findings and recommendations that Petitioner be "forewarned that continued filings of successive habeas petitions would warrant Petitioner being deemed a vexatious litigant." *See id*. (Docs. 9, 13).

**Discussion and Analysis**

This Court lacks subject-matter jurisdiction over Petitioner's habeas petition. A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)--(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Court of Appeals before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). Without leave from the Court of Appeals, this Court lacks subject-matter jurisdiction and must dismiss any second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, Petitioner has sought relief from this Court on numerous occasions for the same conviction. The undersigned finds that the instant petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *See Burton*, 549 U.S. at 157. Accordingly, Petitioner will be ordered to show cause why his petition should not be dismissed for being an unauthorized successive petition.

Further, pursuant to the All Writs Act (*see* 28 U.S.C. § 1651), federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under…appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

A court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits. *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *DeLong*, 912 F.2d at 1146-47. To issue such an order, the court must ensure that: (1) the petitioner was given adequate notice to oppose a restrictive pre-filing order; (2) there is an adequate record of case filings to show the petitioner is abusing the judicial system; (3) there are substantive findings as to the frivolousness or harassing nature of the petitioner's filings; and (4) the order is narrowly tailored to remedy only the petitioner's particular abuses. S*ee O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *DeLong,* 912 F.2d at 1147-49.

In determining whether to declare a litigant vexatious, the court should consider: "(1) the litigant's history of litigation and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation . . .; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect

the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, Petitioner meets the requirements of *O'Loughlin* and *Molski*. Petitioner has filed numerous habeas petitions without counsel. The Court notes that it appears Petitioner has submitted photocopies of the same petition multiple times to this court – including the instant petition, the headers of which bear the CM/ECF banner of no less than five prior habeas cases filed by Petitioner. The petitions all contain duplicative claims and have all been dismissed. Petitioner has caused this Court to engage in additional work preparing dismissal orders and the Court has previously forewarned Petitioner continued filings of successive habeas petitions would warrant petitioner being deemed a vexatious litigant. Therefore, Petitioner is ordered to show cause why he should not be declared a vexatious litigant in this district.

If Petitioner is found to be a vexatious litigant, the undersigned may recommend that a pre-filing order be issued requiring him to obtain leave of court before filing any habeas petition in a habeas case that is closed and final, or may recommend lesser sanctions under Rule 11, Fed. R. Civ. P. In the event he is deemed a vexatious litigant, Petitioner will be required to submit a copy of the court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court to file a new habeas or prisoner civil rights action or any document in such a case that is closed and final.

Accordingly, IT IS HEREBY ORDERED:

Within 30 days of the date of service of this order, Petitioner SHALL show cause in writing why his petition should not be dismissed for being a successive petition and why he should not be deemed a vexatious litigant. Any failure by Petitioner to comply with this Order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: __**March 28, 2023**__          _____
                                         UNITED STATES MAGISTRATE JUDGE