UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>       Petitioner,<br><br>   v.<br><br>J. MACOMBER, *et al*.<br><br>       Respondents. | Case No. 1:23-cv-00374-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT (1) THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND (2) PETITIONER BE DECLARED A VEXATIOUS LITIGANT<br><br>(Doc. 9) |

Petitioner Gregory W. Stewart ("Petitioner") is a state prisoner proceeding pro se with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On March 28, 2023, the assigned magistrate judge conducted a preliminary screen of the petition and found Petitioner had sought relief from this Court on numerous occasions for the same conviction he attacks in this action. *See* (Doc. 6 at 2-4) (citing cases). Specifically, the assigned magistrate judge noted Petitioner had submitted photocopies of the same petition multiple times to other judges of this Court containing duplicative claims that have all been dismissed. *Id*. at 5. The assigned magistrate judge ordered Petitioner to show cause why his petition should not be dismissed for being a successive petition and why he should not be deemed a vexatious litigant. *Id*. at 3-5.

On April 10, 2023, Petitioner filed a response to the order to show cause, again submitting a photocopy of "objections" that had been filed multiple times to this Court. (Doc. 7). On September 20, 2023, the assigned magistrate judge issued findings and recommendations that the petition be dismissed with prejudice and Petitioner be declared a vexatious litigant. (Doc. 9). The findings and recommendations advised Petitioner he must file any objections within 14 days after service of the order and that the "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 2-3 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Petitioner did not file objections or any other response to the findings and recommendations, and the deadline to do so has passed.

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, this Court concludes the findings and recommendations are supported by the record and by proper analysis.

The Court next turns to the question of whether a certificate of appealability should issue. Generally, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not shown that jurists of reasons would find it debatable whether the instant action is a second or successive habeas petition or that he has obtained the authorization from the court of appeals required to proceed with such a petition. For these reasons, the Court declines to issue a certificate of appealability. Accordingly, the Court HEREBY ORDERS:

1. The September 20, 2023, findings and recommendations (Doc. 9) are adopted in full;
2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE as an unauthorized successive petition; and

3. Petitioner is declared a vexatious litigant subject to pre-filing conditions set forth below, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent power to regulate abusive litigation, for the reasons addressed in the findings and recommendations (Doc. 9) and the Court's March 28, 2023, order to show cause (Doc. 6):

    a. Petitioner is required to file a motion requesting leave of court before filing any new petition for writ of habeas corpus in the United States District Court for the Eastern District of California. Such a motion must include a copy of this order and an order of the Court of Appeals authorizing any second/successive petition.

IT IS SO ORDERED.

Dated:   March 20, 2024

_____
UNITED STATES DISTRICT JUDGE